Filed 6/4/14  P. v. Shull CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LUIS SHULL,<br><br>    Defendant and Appellant. | B251635<br><br>(Los Angeles County<br>Super. Ct. No. BA410407) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Henry J. Hall, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Luis Shull pled no contest to one count of assault by means of force likely to cause great bodily in violation of Penal Code section 245, subdivision (a)(1), pursuant to a plea agreement.  Appellant admitted he inflicted great bodily injury on the victim within the meaning of section 12022.7 and admitted the crime was motivated by hatred of a cognizable group within the meaning of section 422.75, subdivision (a).  Appellant also admitted he had suffered a prior robbery conviction within the meaning of sections 667 and 1170.12 (the Three Strikes law).  The trial court sentenced appellant for a total term of 12 years in state prison, consisting of  the mid-term of three years for the assault conviction, doubled to six years pursuant to the Three Strikes law, plus three years to the great bodily injury allegation and three years for the hate crime allegation.  The court also imposed mandatory restitution and other fines and fees.  The court awarded appellant 172 days of pre-sentence credits.

Appellant appeals from the judgment of conviction.  Finding no error, we affirm.

Facts[1]

On April 20, 2013, appellant confronted S.S., a transgendered female, as she was walking down the street.  He yelled, "Are you a man or are you a woman?  What are you?"  He also asked her if she was a "fag."  Appellant told her that she could not walk down the block and that she needed to respect him.

S.S. reached into her purse to get a can of mace.  Appellant then said she had to pay him to walk down the street.  S.S. tried to use the mace, but it did not work.  Appellant then swung at her, a struggle ensued, and S.S. ended up on the ground.  Appellant continued to punch and hit her.  S.S. tried to get back up.  Two men intervened to help her.  The men held appellant down until police arrived.

S.S. had bruising and swelling on the left side of her face from the attack.  Her eye was swollen shut for several weeks, and when she was able to see out of the eye again, her vision was blurry and she had double vision.  Her eyes were sensitive to light.  Before

---

[1]     The facts are taken from the preliminary hearing in this matter.

2

the injury, she did not need glasses.  As a result of the injury, she would need glasses in the future.

## Procedural history

In July, 2013, about two months after the preliminary hearing in this matter, appellant made a request to relieve his appointed counsel.  A day or two later, he withdrew that request and asked to represent himself.  Following a brief recess, appellant withdrew his request for self-representation.

In September, 2013, when the case was about to be sent to a trial court, appellant asked for a continuance to hire private counsel.  The continuance request was denied.  Appellant then stated that he wanted to represent himself, but would need a continuance.  The court denied the request on the ground it was untimely.  Appellant then made a *Marsden*[2] motion to relieve his appointed counsel.  Following an in camera hearing, the motion was denied.

The next day, appellant renewed his motion for self-representation, this time without a request for a continuance.  The request was granted.  Later than day, when the case was sent to a courtroom for jury selection, appellant requested re-appointment of counsel.  His previous counsel was re-appointed.  Jury selection began.

The next day, appellant waived his trial rights and entered into a plea agreement.

On the day of the sentencing hearing, appellant asked to withdraw his plea on the ground that the agreed-upon sentence was an "injustice."  The court denied the request Appellant was then sentenced in accordance with the plea agreement.

## Discussion

Appellant filed a timely notice of appeal, and we appointed counsel to represent him on appeal.  Appellant's counsel filed an opening brief pursuant to *People v. Wende*

---

[2]     *People v. Marsden* (1970) 2 Cal.3d 118.

(1979) 25 Cal.3d 436, and requested this court to independently review the record on appeal to determine whether any arguable issues exist.

On January 15, 2014, we advised appellant he had 30 days in which to personally submit any contentions or issues which he wished us to consider. No response has been received to date.

We have examined the entire record and are satisfied appellant's attorney has fully complied with his responsibilities and no arguable issues exist. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

Disposition

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MINK, J.[*]

We concur:

TURNER, P. J.

MOSK, J.

---

[*] Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.